

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

**GERALD C. MANN**
ATTORNEY GENERAL

Honorable Charley Lockhart
State Treasurer
Austin, Texas

Dear Sir:

Attention: Mr. H. Morris Stevens

Opinion No. O-1084
Re: Whether Federal Building and
Loan Associations are exempt
from the payment of State
note taxes levied by Article
7047e, as amended by Senate
Bill No. 24, 46th Legislature.

We received your letter of July 1, 1939, requesting our opinion as to whether Federal Building and Loan Associations are exempt from the payment of the State note tax levied by Article 7047e, Revised Civil Statutes, as amended by Senate Bill No. 24, 46th Legislature.

After providing for the levy of a tax of Ten (10¢) Cents on each One Hundred ($100) Dollars after the first Two Hundred ($200) Dollars on certain notes and obligations secured by liens filed for record in the county clerk's office, this statute then provides that: "This Section shall not apply to instruments, notes or other obligations taken by or on behalf of the United States or of the State of Texas, or any corporate agency or instrumentality of the United States or of the State of Texas in carrying out the governmental purpose as expressed in any act of the Congress of the United States or of the Legislature of the State of Texas."

The Home Owners' Loan Act of 1933 is found beginning with Section 1462, Chapter 12, Title 12, U.S.C.A. Subdivision A of Section 1463 reads as follows:

"(a) Creation; directors. The Board is hereby authorized and directed to create a corporation to be known as the Home Owners' Loan Corporation, which shall be an

AS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Charley Lockhart, Page 2

instrumentality of the United States, which shall have authority to sue and to be sued in any court of competent jurisdiction, Federal or State, and which shall be under the direction of the Board and operated by it under such by-laws, rules, and regulations as it may prescribe for the accomplishment of the purposes and intent of this section. The members of the Board shall constitute the Board of Directors of the Corporation and shall serve as such directors without additional compensation."

Subdivision (c) of Section 1463 provides that:

"The bonds issued by the Corporation under this sub-section shall be exempt, both as to principal and interest, from all taxation (except surtaxes, estate, inheritance, and gift taxes) now or hereafter imposed by the United States or any District, Territory, dependency, or possession thereof, or by any State, county, municipality, or local taxing authority. The Corporation, including its franchise, its capital, reserves and surplus, and its loans and income, shall likewise be exempt from such taxation; except that any real property of the Corporation shall be subject to taxation to the same extent, according to its value, as other real property is taxed. . ."

The organization of Federal Savings and Loan Associations is authorized by Subdivision (a) of Section 1464, U.S.C.A., which reads as follows:

"(a) Organization authorized. In order to provide local mutual thrift institutions in which people may invest their funds and in order to provide for the financing of homes, the Board is authorized, under such rules and re-gulations as it may prescribe, to provide for the organiza-tion, incorporation, examination, operation, and regulation of associations to be known as 'Federal Savings and Loan Associations,' and to issue charters therefor, giving primary consideration to the best practices of local mutual thrift and home-financing institutions in the United States."

Subdivision (f) of said Section 1464 reads as follows:

"(f) Associations as members of Federal Home Loan Bank. Each such association, upon its incorporation, shall be-come automatically a member of the Federal Home Loan Bank

Hon. Charley Lockhart, Page 3

of the district in which it is located, or if convenience shall require and the Board approve, shall become a member of a Federal Home Loan Bank of an adjoining district. Such associations shall qualify for such membership in the manner provided in chapter 11 of this title with respect to other members."

Subdivision (h) of said Section reads as follows:

"(h) Exemptions from taxation. Such associations, including their franchises, capital, reserves, and surplus, and their loans and income, shall be exempt from all taxation now or hereafter imposed by the United States, and all shares of such associations shall be exempt both as to their value and the income therefrom from all taxation (except surtaxes, estate, inheritance, and gift taxes) now or hereafter imposed by the United States; and no State, Territorial, county, municipal, or local taxing authority shall impose any tax on such associations or their franchise, capital, reserves, surplus, loans, or income greater than that imposed by such authority on other similar local mutual or cooperative thrift and home financing institutions."

Subdivision (k) of said Section 1464 reads as follows:

"(k) Federal Savings and Loan Associations, or Federal Home Loan Banks as fiscal agents of United States. When designated for that purpose by the Secretary of the Treasury, any Federal savings and loan association or member of any Federal Home Loan Bank may be employed as fiscal agent of the Government under such regulations as may be prescribed by said Secretary and shall perform all such reasonable duties as fiscal agent of the Government as may be required of it. Any Federal savings and loan association or member of any Federal Home Loan Bank may act as agent for any other instrumentality of the United States when designated for that purpose by such instrumentality of the United States. (June 13, 1933, c. 64, § 5, 48 Stat. 132; Apr. 27, 1934, c. 168, § § 5, 6, 48 Stat. 645, 646; May 28, 1935, c. 150, § 18, 49 Stat. 297.)

The Federal Home Loan Bank Act is found beginning with Section 1421, Chapter 11, Title 12, U.S.C.A. Subdivision (c) of

on. Charley Lockhart, Page 4

ection 1426, U.S.C.A., makes provision for stock subscription for
members of the Federal Home Loan Bank. Section 1430, U. S. C. A.,
makes provision for advances or loans by the Federal Home Loan Bank
to its members. Section 1433, U.S.C.A., provides certain broad
exemptions from taxation for the Federal Home Loan Bank, but it is
not provided that such exemptions shall be available to members of
such bank.

Subdivision (g) of Section 1464 authorizes the Secretary
of Treasury, in behalf of the United States, to subscribe for pre-
ferred shares in such association, and Congress therein appropriated
100,000,000.00 to enable the Secretary of Treasury to subscribe to
stock in such association. Section 1465, U.S.C.A. reads as follows:

"§ 1465. Encouragement of saving and home financing
To enable the Board to encourage local thrift and local
home financing and to promote, organize, and develop the
associations herein provided for or similar associations
organized under local laws, there is hereby authorized
to be appropriated, out of any money in the Treasury not
otherwise appropriated, the sum of $150,000, to be immedi-
ately available and remain available until expended, sub-
ject to the call of the Board, which sum, or so much thereof
as may be necessary, the Board is authorized to use in its
discretion for the accomplishment of the purposes of this
section without regard to the provisions of any other law
governing the expenditure of public funds. For the pur-
poses of this section the Secretary of the Treasury is
authorized and directed to allocate and make immediately
available to the Board, out of the funds appropriated pur-
suant to section 1464 (g), the sum of $700,000. Such sum
shall be in addition to the funds appropriated pursuant to
this section, and shall be in addition to the funds appro-
priated pursuant to this section, and shall be subject to
the call of the Board and shall remain available until
expended. The sums appropriated and made available pur-
suant to this section shall be used impartially in the
promotion and development of local thrift and home-financ-
ing institutions, whether State or Federally chartered.
(June 13, 1933, c. 64 § 6, 48 Stat. 134; Apr. 27, 1934,
c. 168, § 11, 48 Stat. 647; May 28, 1935, c. 150, § 19,
49 Stat. 297.)

The fact that Congress expressly clothed the Home Owners'
an Corporation with the exemption from any taxation except upon

rley Lockhart, Page 5

. property (Section 1463 c) and extended the same exemp-
Federal Home Loan Banks (Section 1433) and exempted Federal
Savings and Loan Associations from taxation by the United States,
but provided that "no State, territorial, county, municipal, or
local taxing authority shall impose any tax on such associations
or their franchise, capital, reserves, surplus, loans or income
greater than that imposed by such authority on other similar local
mutual or cooperative thrift and home financing institutions,"
(Section 1464 a), in our opinion would leave the State free to col-
lect the tax in question from Federal Savings and Loan Associations
ortgage instruments taken by it.

The question thus left for our determination is whether
under the terms of the State statute instruments taken by such
ations are subject to the tax. The fact that Subdivision (k)
tion 1464, U.S.C.A., provides that such associations may be
ed as fiscal agents of the Government and may also act as
for other instrumentalities of the United States, when
ated to act in said capacities by the proper authorities,
is to conclude that the Congress of the United States did not
or that such associations would generally be instrumentalities
its of the United States in the performance of their usual
ons. This view is strengthened by the fact that the Home
' Loan Corporation is expressly declared to be an instrument-
of the United States, and without any limitation being placed
1, and by the differences made in the matter of exemptions
ixation.

While in your question you speak of Federal Building and
ssociations, we assume that you have reference to Federal
s and Loan Associations and answer your question in the nega-
This answer requires us to overrule an opinion written June 10,
by Honorable H. L. Williford, Assistant Attorney General, to
ett S. Magee, Assistant County Attorney of Galveston, Texas.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Glenn R. Lewis*

Glenn R. Lewis
Assistant

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN

EDAUG 12, 1939

EY GENERAL OF TEXAS